CENTRAL POWER & LIGHT COMPANY, Public Service Company of Oklahoma, Southwestern Electric Power Company, and West Texas Utilities Company, Petitioners,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent,

Arkansas Electric Cooperative Corp., Houston Lighting & Power Company, City of San Antonio, Lower Colorado River Authority and Dallas Power & Light Company et al., Intervenors.

CITY OF ALTUS, Frederick, et al., Petitioners,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent, Dallas Power & Light Company, Houston Lighting & Power Company and Lower Colorado River Authority, Intervenors.

Nos. 76–1995, 76–2012.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 27, 1978.

Decided April 10, 1978.

Rehearing Denied May 26, 1978.

Richard D. Cudahy, Washington, D. C., with whom Robert H. Loeffler, Washington, D. C., was on the brief, for petitioners in No. 76–1995. Richard G. Ferguson and Paul T. Ruxin, Chicago, Ill., entered appearances for petitioners in No. 76–1995.

Charles F. Wheatley, Jr., and Robert A. O'Neil, Washington, D. C., were on the brief, for petitioners in No. 76–2012.

McNeill Watkins, II, Washington, D. C., for respondent. Drexel D. Journey, Gen. Counsel, Robert W. Perdue, Deputy Gen. Counsel, Allan Abbot.Tuttle, Sol., and Allan M. Garten, Atty., Federal Energy Regulatory Com'n, Washington, D. C., were on the brief, for respondent.

Gordon Gooch, Washington, D. C., with whom Bruce Kiely and Steven Hunsicker, Washington, D. C., were on the brief, for intervenor, Houston Lighting & Power Co. in Nos. 76–1995 and 76–2012. Argued on behalf of all intervenors.

Lawrence S. Smith, Washington, D. C., was on the brief for intervenor, Lower Colorado River Authority in Nos. 76–1995 and 76–2012.

Jon C. Wood, San Antonio, Tex., was on the brief, for intervenor, The City of San Antonio, Tex., in No. 76–1995.

Harry A. Poth, Jr., Richard M. Merriman and Peyton G. Bowman, III, Washington, D. C., entered appearances for intervenor, Dallas Power & Light Co., in Nos. 76–1995 and 76–2012.

Robert Weinberg entered an appearance for intervenor, Ark. Elec. Cooperative Corp. in No. 76–1995.

Before McGOWAN, LEVENTHAL and ROBB, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This case involves a challenge to a ruling by the Federal Power Commission (now the Federal Energy Regulatory Commission (FERC)) that it would not compel interconnection among the West Texas Utilities Company (WTU), the Houston Lighting & Power Company (HL&P), and the Texas Utilities Company (TU) under § 202(b), (c) of the Federal Power Act, 16 U.S.C. § 824a(b), (c) (1976), because it did not have jurisdiction over the latter two companies. All three utilities were members of a Texas intrastate power pool (ERCOT).

There is confusion as to the basis of the FERC's action. The Commission's brief argues that the decision was grounded in material part on the fact that HL&P's and TU's nexus with interstate transmission was the product of a breach of contract: a ten hour period on May 4, 1976, during which WTU transmitted power to an affiliated company in Oklahoma without the knowledge of HL&P and TU and in express violation of a contract between WTU and the Texas Electric Utility Company, a subsidiary of TU. Thus the FERC argues that the decision not to assert jurisdiction was a proper exercise of agency discretion.

■ One difficulty with this contention is the failure to confront questions as to the legality of the contract. Petitioners' central position is that the agreement among the Texas utilities not to transmit interstate was part of a group boycott in violation of the antitrust laws. While the FERC does not have authority to adjudicate antitrust actions, antitrust considerations are relevant when it exercises its discretion subject to a public interest mandate. *Gulf States Utilities Company v. FPC,* 411 U.S. 747, 93 S.Ct. 1870, 36 L.Ed.2d 635 (1973), and cases cited therein. There is no evidence in the record that the FERC considered petitioners' antitrust contentions.

Another problem is whether the breach of contract was actually material to the Commission's conclusion. The Commission's order simply states that it adopts the general counsel's conclusion that HL&P and the TU companies are not "public utilities" within the meaning of § 201(e) of the Federal Power Act, 16 U.S.C. § 824(e) (1976). Appendix at 117. Section 201(e) simply defines "public utility" as "any person who owns or operates facilities subject to the jurisdiction of the Commission under this subchapter." There is no mention of the contract in the general counsel's memorandum. *Id.* at 122–24. It is hornbook law that the court must appraise agency action not on grounds advanced by counsel but on those identified by the agency as reasons for its actions. *SEC v. Chenery Corporation,* 318 U.S. 80, 92–94, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

There is further confusion concerning the basis of the Commission's ruling: the general counsel's memorandum indicates that the HL&P and TU companies were, at all times, outside the Commission's jurisdiction as a matter of law, *i. e.,* the exercise of jurisdiction was not a matter for the Commission's discretion. But the authorities cited by the general counsel are cases which involved or discussed the Commission's discretion to decline jurisdiction over a firm even though it might have been a public utility within the meaning of the Federal Power Act. *Connecticut Light & Power Company v. FPC,* 324 U.S. 515, 536, 65 S.Ct. 749, 89 L.Ed. 1150 (1945); Letter of the FPC to Home Light and Power Company, dated May 28, 1965 (Appendix at 127).

In argument to this court in support of the Commission's ruling, FERC counsel contends that what the general counsel intended to indicate in his memorandum was that an exercise of jurisdiction was within the Commission's discretion. He further argues that although the general counsel could not exercise that discretion for the agency, he could make a recommendation, and that that in fact is all he did in this case. Again, a reading of the Commission's decision does not establish that it was purporting to exercise discretion. Furthermore, discretion can be exercised only in light of all the relevant factors. Totally absent from the general counsel's memorandum and the Commission's opinion is any reference to antitrust considerations or any other component of a public interest determination. As the Supreme Court observed in *Gulf States Utilities,* "where the Commission summarily disposes of proffered objections, or where it exercises its discretion . . . without considering . . . anticompetitive consequences, 'the reviewing court must closely scrutinize its action in light of the . . . statutory obligations to protect the public interest and to enforce the antitrust laws.'" 411 U.S. at 763, 93 S.Ct. at 1880 (quoting *Denver & R.G.W.R. Co. v. United States,* 387 U.S. 485, 498, 87 S.Ct. 1754, 18 L.Ed.2d 905 (1967)).

 Our judicial function embraces ruling on what we fairly discern as the basis of the Commission's action, but it does not include speculating on the Commission's intentions. *Id.* at 764, 93 S.Ct. 1870. We do not say the result reached by the Commission is contrary to law. What we do say is that the FERC has not complied with its obligation to articulate its reasoning. We therefore remand for clarification of that reasoning. In the event exercise of discretion is involved, as was put to us in support of this order, it must be accompanied by some indication in the record that all relevant factors were taken into account.

*So ordered.*